IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DERRICK DEON DOYLE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:25-cv-03026-SHL-atc |
| WARDEN FNU HARRISON, | ) ) ) |
| Respondent. | ) ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, GRANTING RESPONDENT'S MOTION TO DISMISS (ECF NO. 8), DISMISSING § 2241 PETITION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1, "§ 2241 Petition") of Petitioner Derrick Deon Doyle, Bureau of Prisons ("BOP") register number 64239-510.[1]  Respondent Warden Harrison filed a Motion to Dismiss on December 12, 2025.  (ECF No. 8.)  Doyle has not filed a response, and the time for him to do so has expired.  (*See* ECF No. 6.)  For the reasons that follow, Harrison's Motion to Dismiss is **GRANTED,** and the § 2241 Petition is **DISMISSED**.

---

[1] When Doyle filed his § 2241 Petition, he was incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis").  However, the BOP's Inmate Locator reflects that he is now incarcerated at the Federal Correctional Institution in Lewisburg, Pennsylvania ("FCI Lewisburg").  *See* bop.gov/inmateloc/ (click "Find By Number"; type "64239-510"; then click "Search") (last accessed Jan. 22, 2026).  The Clerk is **DIRECTED** to modify the docket to reflect Doyle's current address.

I. **BACKGROUND**

On April 1, 2024, Doyle pleaded guilty in the United States District Court for the Middle District of Alabama to one count of conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and one count of distribution of fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Doyle*, No. 1:23-cr-00177-ECF-CWB, Plea Agreement, ECF No. 180 (M.D. Ala. Apr. 1, 2024). The court sentenced Doyle to 235 months of incarceration, to be followed by a five-year term of supervised release. *See id.*, ECF No. 234 (Aug. 1, 2024). He appealed, and the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss the appeal based on the appeal waiver contained in Doyle's plea agreement. *See id.*, ECF No. 302 (May 14, 2025). Doyle did not file a § 2255 motion challenging his convictions and sentence.

II. **THE PETITION**

Doyle filed the instant § 2241 Petition on November 7, 2025. (ECF No. 1.) He challenges the BOP's failure to process and grant his request for a Public Safety Factor ("PSF") sentence-length waiver. (*Id.* at PageID 6.) Doyle contends that the BOP's failure to do so violates Program Statement 5100.08, as well as his Fifth Amendment due process rights. (*Id.*) He also argues that the failure to process his PSF waiver request violates his Eighth Amendment rights because it prohibits his transfer to a facility that could better address his obstructive sleep apnea and that the failure to process the waiver has caused hardship to his family because he cannot be transferred to a facility closer to his home in Alabama. (*Id.* at PageID 6–7.) Doyle requests that the Court order the BOP to process his PSF waiver request and "reconsider [his] custody classification without PSF restriction." (*Id.* at PageID 7.)

On December 12, 2025, Harrison filed a Motion to Dismiss the § 2241 Petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 8 at PageID 49–50.) Harrison's motion is supported by the Declaration of Robin Eads, a BOP paralegal with access to official records for BOP inmates, including Doyle's SENTRY Public Information Inmate Data Sheet, his SENTRY Male Custody Classification Form, and the file for his Administrative Remedy No. 1245083. (ECF No. 8-1.) Harrison argues that the Court should dismiss the § 2241 Petition because Doyle is not entitled to habeas relief "regarding his request to have the PSF of Sentence Length removed." (ECF No. 8 at PageID 51.) Harrison asserts that Doyle has no liberty interest in his security and custody classification, and that the BOP has discretion to apply the PSF pursuant to Program Statement 5100.08. (*Id.* at PageID 52–53.) Harrison also argues that Petitioner's claim that the application of a PSF has affected an inmate's placement and conditions of confinement may only be asserted in a civil rights action. (*Id.* at PageID 53–54.)

### III.   ANALYSIS

Pursuant to 28 U.S.C. § 2241, this Court is authorized to issue writs of habeas corpus on behalf of prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." However, Doyle's § 2241 Petition does not allege a constitutional violation because he has no protected liberty interest in being housed at a particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Likewise, he has no protected liberty interest in a particular security classification. *See Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004); *see also Marti v. Nash*, 227 F. App'x 148, 150 (3d Cir. 2007) (affirming the dismissal of the § 2241 petition because the petitioner "ha[d] no due process right to any particular security classification").

3

Doyle also fails to allege a violation of federal law in his § 2241 Petition. The law delegates to the BOP the duty to "designate the place of the prisoner's imprisonment." *See* 18 U.S.C. § 3621(b). The BOP chooses that designation after considering various factors, including "the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons." *Id.* The BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the [BOP] determines to be appropriate and suitable." *Id.* Under § 3621(b), the BOP has broad discretion to determine a prisoner's custody classification and security designation. *See Mays v. Paul*, No. 5:23-00093-GFVT, 2023 WL 2905553, at *2 (E.D. Ky. Mar. 28, 2023) (noting that "the BOP's authority to determine an inmate's security classification derives from 18 U.S.C. § 3621(b), and it possesses broad discretion in making those determinations"); *Embrey v. Sepenak*, No. 0:11-CV-00119-HRW, 2012 WL 1205721, at *3 (E.D. Ky. Apr. 10, 2012) (noting that "Congress has given the BOP complete authority to determine the custody classification and security levels of federal inmates, direct their confinement in any available facility, and freely transfer them from one facility to another").

When a statute *expressly* delegates interpretive authority to an agency, courts defer to that agency interpretation. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024); *Roussell v. Harrison*, No. 2:25-cv-02246-SHL-cgc, 2026 WL 147838, at *3 (W.D. Tenn. Jan. 20, 2026). And as the Sixth Circuit has explained, a court's "duty remains the same: to 'independently interpret the statute and effectuate the will of Congress . . . by fixing the boundaries of the delegated authority,' even if those boundaries continue to provide the agency with considerable

4

discretion." *United States v. Bricker*, 135 F.4th 427, 440–41 (6th Cir. 2025). Thus, the BOP's designation occurs as part of the delegation of authority from Congress.

Moreover, any assertion by Doyle that the BOP has misapplied Program Statement 5100.08 is not cognizable under § 2241. *See Hutchins v. FMC Lexington*, No. 5:08-393-JMH, 2008 WL 4534241, at *2 (E.D. Ky. Oct. 7, 2008). "The BOP's Program Statements are not 'laws' within the meaning of the statute, because they do not constitute regulations promulgated in compliance with the requirements of the Administrative Procedure Act. Rather, they are internal agency guidelines that are 'akin to . . . interpretive rules.'" *Id.* (quoting *Reno v. Koray*, 515 U.S. 50, 61 (1995)). "[E]very court that has addressed the issue has found that PS 5100.08 did not alter well-settled law that an inmate has no protected liberty or due process interest in his classification level or his assigned facility." *Gonzalez v. Doe*, No. 3:09-CV-671-P ECF, 2009 WL 1704248, at *1 (N.D. Tex. June 15, 2009) (collecting cases); *see also Smith v. Warden of Duluth Prison Camp*, No. 18-cv-2555 (WMW/LIB), 2019 WL 3325837, at *6 (D. Minn. Apr. 23, 2019) (noting that "BOP Program Statement 5100.08 [does not] create a cognizable liberty interest in Petitioner being placed at any particular correctional facility"). Doyle would simply not be entitled to relief even if the BOP misapplied Program Statement 5100.08.

In any event, the BOP acted completely within its discretion with respect to the PSF used to determine Doyle's security level. With respect to PSFs, Program Statement 5100.08 states:

> A [PSF] is relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public. Public Safety Factors are normally applied on the Inmate Load and Security Designation Form (BP-337) prior to an inmate's initial assignment to an institution, however, additions or deletions may be made at any time there after via the Custody Classification Form, (BP-338). A maximum of three PSFs may be applied, however if more than three apply, those which would provide the greatest security and public safety will be utilized.

5

[Program Statement 5100.08, Inmate Security Designation and Custody Classification](#) Chapter 5, Page 7 (last accessed Jan. 20, 2026).  PSF Code I provides that a male inmate "with more than ten years remaining to serve will be housed in at least a Low security level institution unless the PSFT has been waived." *Id.* at Page 9.  A male inmate "with more than 20 years remaining to serve will be housed in at least a Medium security level institution, unless the PSF has been waived." *Id.*

Here, Doyle's estimated release date is October 6, 2039.  *See supra* fn.1.  He therefore, has more than ten years remaining to serve on his sentence.  In light of that fact, the BOP acted within its discretion in applying the Sentence Length PSF to his custody and security classification.

Finally, Doyle's various challenges regarding the adverse effects the application of the PSF Sentence Length factor have caused are not cognizable in a § 2241 petition.  As set forth above, Doyle suggests that the refusal of his request to waive the PSF Sentence Length factor amounts to deliberate indifference to his medical needs.  Specifically, he suggests that without the PSF factor, he could be placed at a facility closer to his home in Alabama that could better treat his obstructive sleep apnea and hypertension.  Deliberate indifference claims, however, are conditions of confinement claims that may only be raised in a civil rights action.  *See In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013); *Hutton v. Entzel*, No. 25-97-DLB, 2025 WL 3211546, at *2 (E.D. Ky. Oct. 22, 2025) ("Habeas corpus provides a vehicle to challenge the actions of prison officials that directly affect the fact or duration of confinement; it may not be used to challenge the conditions of confinement."); *Mays*, 2023 WL 2905553, at *1 ("A prisoner's security classification is related to the conditions of the prisoner's confinement, a matter which must be challenged (if at all) in a civil rights action.").).  When an inmate attempts

6

to raise such challenges in a § 2241 petition, the proper course is to dismiss or deny the petition "so that the would-be Plaintiff can properly assert the claims in a civil rights action." *See McCray v. Rios*, No. 08-206-ART, 2009 WL 103602, at *4 (E.D. Ky. Jan. 14, 2009).

For the reasons set forth above, Doyle is not entitled to relief under § 2241. Accordingly, Harrison's Motion to Dismiss (ECF No. 8) is **GRANTED**, and Doyle's § 2241 Petition (ECF No. 1) is **DISMISSED**. Judgment shall be entered for Harrison.

## IV.     APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the reasons explained above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Doyle leave to appeal *in forma pauperis*.

**IT IS SO ORDERED,** this 26th day of January, 2026.

                                          s/ Sheryl H. Lipman
                                          SHERYL H. LIPMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE